Claude C. GOFORTH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15029.

United States Court of Appeals
District of Columbia Circuit.

Argued June 11, 1959.

Decided July 2, 1959.

Bastian, Circuit Judge, dissented.

2. So far as appears, these regulations have never been attacked.

Mr. Richard Arens, Washington, D. C. (appointed by this court), for appellant.

Mr. Edgar T. Bellinger, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

■ On the trial of appellant for taking immoral liberties with a female child under sixteen years of age in violation of D.C.Code, § 22–3501(a) (1951), of which he was convicted, signi-

ficant evidence that he might have been of unsound mind at the time of the alleged crime was introduced, including evidence of delusions and the hearing of voices. Under settled law this placed upon the prosecution the burden of proving sanity beyond a reasonable doubt. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499; Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612; Durham v. United States, 94 U.S. App.D.C. 228, 214 F.2d 862; Douglas v. United States, 99 U.S.App.D.C. 232, 239 F.2d 52; Satterwhite v. United States, 105 U.S.App.D.C. 398, 267 F.2d 675. As a necessary corollary the court should have instructed the jury on the issue of sanity. This was not done, and for this reason we reverse and remand for a new trial.

Due to the fact that specific intent was also an element of the crime to be proved, coupled with evidence that appellant suffered from alcoholism, the court did charge the jury on the issue of mental capacity to form a specific intent; but this was not a charge on the question of sanity, and the United States does not contend that it was.

■ Trial counsel failed to submit to the court a written form of instruction on sanity, and failed also, after completion of the court's charge, to object to the omission; but he had several times requested the court to give the instruction. We think in the circumstances that the failure of the court to do so constituted plain error affecting substantial rights. For this reason we notice the error under the authority expressly granted to us to do so by Rule 52(b), Fed.R.Crim.P., 18 U.S.C.A.

Reversed and remanded.

BASTIAN, Circuit Judge (dissenting).

Appellant was indicted in a two-count indictment, Count 1 charging assault with intent to commit carnal knowledge (§ 22–501, D.C.Code 1951), and, Count 2, taking immoral, improper and indecent liberties with a female child under the age of sixteen years (§ 22–3501(a),

D.C.Code 1951). He was acquitted of the first charge and found guilty under the second count after a trial in which I think he was adequately represented by counsel.

I cannot agree that there was any significant evidence that he might have been of unsound mind at the time the crime was committed. I think there was no such evidence. At the opening of the trial, the stated defense was that appellant did not commit the offense, that he had no recollection of it, and, if he had committed the crime, that he was so drunk at the time that he had no intent or was unable to manifest intent, the law requiring that he have specific intent.

The entire evidence was to the effect that Goforth was a drunkard. He had been, until a few days prior to the commission of the crime, confined to a hospital for treatment for alcoholism (not for any mental condition), as he had been on other occasions. Shortly after he was released from the hospital, he went to the "Harbor Light," the alcoholic rehabilitation center of the Salvation Army, where he was compelled to leave because of his continued drinking.

There was not one word of testimony from any source to indicate that appellant was suffering from any mental disease or defect. At most there was only his own testimony, totally uncorroborated, as to imaginings of his intoxicant-befuddled mind—a not unusual phenomenon of continued and continuous drinking, and a far cry from mental disease or defect.

At the trial the court, out of an abundance of caution and fairness, instructed the jury as follows:

"Also, in addition to his general plea of not guilty and his plea of intoxication, the defendant has interposed the plea of alcoholism.

"As used in this connection, the term 'alcoholism' means such a perverted and deranged condition of the mental and moral faculties as to render a person so afflicted incapable of distinguishing between right and wrong or unconscious at the time of the nature of the act he is committing, incapable of knowing it is wrong and incapable of forming a specific intent to do the unlawful act with which he was charged.

"You are told that the burden of proof rests upon the government to convince the jury by proof beyond a reasonable doubt that the defendant was mentally capable at the time of committing the act complained of in the indictment, if you find that he did in fact commit and that he was capable of forming a specific intent to commit the wrongful act.

"Moreover, you are told that if you find from the evidence that the defendant did commit the act complained of in the indictment, there is a presumption in law that at the time he committed the act he was mentally capable of knowing and understanding the nature of the act and of knowing that it was wrong, and was mentally capable of intending to commit the act.

"Such presumption is enough to carry the burden of proving such mental capacity at the time he committed the act unless you should find that such presumption is put in issue by the evidence in the case.

"In any event, it is an issue for the determination of this jury, and the burden rests upon the government, in order to convict the defendant, to prove that the defendant was mentally capable and did know and understood the nature of the act, and that it was wrong and that he was capable of forming the intent to do the wrongful act.

"Such proof must be to the satisfaction of the jury beyond a reasonable doubt."

This instruction, entirely fair and adequate, was geared to the claim of lack of intent because of intoxication and alcoholism. No objection whatsoever was made to the instruction, which was entirely consistent with the appellant's

theory of the case. I do not think that, under the circumstances of this case, we should exercise our authority under Fed. R.Crim.P. 52(b) even if there were error, which I think there was not. I do not think that a party should be permitted to gamble on the possibility of a favorable verdict and then, when a verdict of guilty is returned, to attack it for alleged errors which were not called to the attention of the trial court.

I think the conviction should be affirmed.