UNITED STATES of America,
Plaintiff-Appellee,

v.

Allan C. CAIN and Margaret S. Cain,
Defendants-Appellants.

No. 13347.

United States Court of Appeals
Seventh Circuit.

Jan. 25, 1962.

As Amended on Denial of Rehearing
March 12, 1962.

Maurice J. Walsh, Chicago, Ill., for appellant.

James B. Brennan, U. S. Atty., Philip L. Padden, Asst. U. S. Atty., Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before SCHNACKENBERG, KILEY and MAJOR, Circuit Judges.

KILEY, Circuit Judge.

The defendants, husband and wife, appeal from judgments, in a trial without a jury, convicting them of attempted evasion of income taxes; and sentencing each to prison for one year on each of four counts, the sentences to run concurrently, and imposing on each a fine of $2,000.00.

Allan Cain is a Wisconsin lawyer. He and Margaret S. Cain were married in 1934 and she has, since that time, been his full time secretary. In 1957 Government agents began an investigation of a $750.00 deduction in the Cain 1955 joint tax return. At a conference with the Cains the agents were told by Cain that he had underestimated income for several years and had $20,000.00 for payment of any deficiencies. The agents with help from the Cains eventually corrected the gross income, net taxable income and tax liability for the years 1953 through 1956. The total deficiency was $19,946.10, which the Cains paid the Government January 15, 1960.

The indictment was returned January 18, 1960. In Count One it charges both defendants with attempted income tax evasion in 1953 under § 145(b) [1] of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b), and in the other three counts charges evasion in the years 1954, 1955 and 1956 under § 7201 [2] of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7201.

At the trial the issues were whether Allan Cain was mentally competent to form the intent essential to guilt under § 7201; and if so whether he and his wife were wilful, or merely grossly negligent, in failing to report their income taxes properly in the years involved.

■ The trial court found Cain was "sane and mentally competent" to commit the offenses. Defendants contend that this finding is erroneous because the court applied the wrong test of mental competency and failed to give adequate consideration to defendants' expert testimony.

The trial court's test was:

> If a person can distinguish between right and wrong, or if he is aware of what he is doing and has the mental capacity to choose between a right and a wrong course of action, it is my view that the law requires that he be held responsible for his acts.

The first alternative of the "test" is incomplete. We think, however, the second alternative, which alone the trial court applied in deciding Cain's capabil-

---

1. Int.Rev.Code of 1939 ch. 289, § 145(b), 52 Stat. 513.

   "Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall * * * be guilty of a felony * * *."

2. Int.Rev.Code of 1954 § 7201.

   "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony * * *."

ity for wilfulness, is substantially that provided in the Illinois Code,[3] which defendants suggest is a "significant advance" and the proper test.

■ We find no error in the test applied[4] and agree with the trial court that the criminal law recognizes no gradations of responsibility for crime. "For the purposes of conviction there is no twilight zone between abnormality and insanity." Holloway v. United States, 80. U.S.App.D.C. 3, 148 F.2d 665, 667 (1945). Only when guilt is settled may considerations of mercy make degrees of mental illness relevant.

■ The evidence on the issue of wilfulness was given by experts for Cain and, for the Government, by two Wisconsin judges and several lawyers. We cannot make any inference favorable to Cain from the failure of the Government to match expert with expert. The Government was not required to present expert testimony. It had the burden of proving Cain's wilfulness beyond a reasonable doubt; its *prima facie* case of Cain's capacity for wilfulness rested on the presumption of sanity; Cain's expert testimony was offered to overcome the presumption and create a reasonable doubt; and the Government's witnesses from bench and bar were offered to remove any reasonable doubt raised by the defense. United States v. Westerhausen, 7 Cir., 283 F.2d 844, 852 (1960); Holloway v. United States, 80 U.S.App.D.C. 3, 148 F.2d 665, 666 (1945). This order of proof was followed and the selection of the quality and quantity of proof was a matter for the Government to decide.

Defense testimony on the mental incompetency issue was substantially this: Allan Cain during 1953 through 1956 was not competent to form a criminal intent in filing income tax returns. He had then an organic brain disease complicated by emotional stress due to family tragedy and fear that he was doomed by cancer.

He suffered from "confusion, grief, worry and fear" and was incapable of dealing with severe emotional and psychological stresses. He knew the difference between right and wrong in some areas but not in others, and was incompetent in matters of "judgment, finely integrated thought patterns and memory, concentration * * *." It was doubtful whether he could determine right from wrong in income tax matters. He might be conscious of wrongdoing but have no choice. He could perform only the mechanical parts of law practice and his ability to handle defense of a murder case was doubtful.

Also: There are many gradations of emotional and mental abnormalities. The inability to go beyond mechanical parts of law practice was a "gradation problem." Generally, incapacity to determine right from wrong in income tax matters would be observable by others.

The Government testimony, of the judges and lawyers, was to the effect that Cain handled himself very well between the years 1954 and 1960; showed "sharp judgment and thought" in cross-examination; was "very definitely" capable of computing special damages in injury cases; "courtroom pressure" did not affect him; and was capable of handling himself in any situation. There was testimony that he defended murder and other criminal cases.

The judge's conclusion was that the expert testimony tended to prove organic impairment and neurotic personality but was not persuasive as to the question of capacity for the essential wilfulness. The court was not persuaded by the experts that Cain could be mentally incompetent only with respect to the tax matters. Cain's demeanor on the witness stand went toward "dispelling any doubt" the court had of his competency.

■■ We see no merit in the contention that the court was hostile to the ex-

---

3. Ill.Rev.St.1961, ch. 38, § 6–2. "Insanity. (a) A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of

· his conduct or to conform his conduct to the requirements of the law."

4. The parties agree that we need not discuss the various tests courts have used in deciding insanity issues.

pert testimony and that he failed to give it due weight. A jury would not be bound to accept the expert opinion, Holloway v. United States, 80 U.S.App.D.C. 3, 148 F.2d 665, 667 (1945), and it follows that the trial court here, as trier of fact, was not bound, by the opinions, to find that Cain was incompetent to "wilfully prepare and file" false income tax returns for the years subject of indictment.

We cannot say the court's finding of mental competency was clearly erroneous. The testimony for defendant is not "substantial" in the way the testimony was in the Westerhausen case. Nor does the finding of the trial court here "shock the conscience," Holloway v. United States, 80 U.S.App.D.C. 3, 148 F.2d 665, 666 (1945), or impel us to say as the court said in Westerhausen: "reasonable men must necessarily have possessed a reasonable doubt" as to Cain's sanity in the years 1952 through 1956.

■ Defendants argue there were none of the badges of fraud recited in Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943). There was evidence, however, from which the trial court could reasonably infer that Cain's voluntary admission to the agents in 1957 was artful; that defendant failed to keep books during the years involved; deliberately estimated in the reports odd amounts of dollars and cents; deliberately omitted large fees in calculating income; and that the returns, subject of the indictment, were less than 30% correct. The findings of relevant factors have substantial support in the evidence. Upon these reasonable inferences, the court found defendants guilty beyond a reasonable doubt. We cannot say that "reasonable men must necessarily have possessed a reasonable doubt," United States v. Westerhausen, 7 Cir., 283 F.2d 844, 853 (1960), of defendants' attempt to wilfully evade income tax as charged in the indictment.

When married, Mrs. Cain had already been a secretary, had graduated from high school and had studied bookkeeping. She filled out about thirty or thirty-five income tax returns each year for wage earners and farmers during the years in question. She knew the technical income tax words and computed depreciation for the farmers. She took a long term capital gain on sale of the Cain house in 1952 and knew that profit from the sale of a house was not taxable if reinvested in a new residence. We think the trial court properly concluded she was not a "housewife" who was ignorant of tax affairs.

■ Defendants finally contend Mrs. Cain was denied a fair trial. We have not been shown that the trial court considered as to Mrs. Cain evidence not properly admitted as to her. We presume, therefore, that the court considered only the proper evidence against her. That evidence justified the court's finding of guilt. It was not necessary that she have any of the income in the years involved. The offense charged was wilfully attempting "in any manner to evade or defeat" the tax. Mrs. Cain was guilty if she "contributed consciously to furthering that illicit enterprise * * *." United States v. Johnson, 319 U.S. 503, 515, 63 S.Ct. 1233, 1239, 87 L.Ed. 1546.

For the reasons given, the judgment is affirmed.