Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

---

The **UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roy Chamber COOKS, Defendant-Appellant.**

**No. 14966.**

United States Court of Appeals
Seventh Circuit.

April 22, 1966.

Rehearing Denied May 17, 1966.

KNOCH, Circuit Judge.

After a jury trial, the defendant-appellant, Roy Chamber Cooks, was found guilty of violating the National Motor Vehicle Theft Act, Title 18 U.S.C. § 2312, and sentenced to serve a term of four years.

The evidence which established defendant's guilt is largely undisputed. The contested issues are set out by defendant's counsel as follows:

I. Whether Defendant-Appellant was entitled to be represented by counsel at the preliminary hearing.

II. Whether the evidence established the sanity of Defendant-Appellant beyond a reasonable doubt.

The defendant specifically waived his right to an attorney at the preliminary

hearing. It is now contended that he was unable to make an understanding, intelligent and voluntary waiver, and that he did himself serious damage by participating in the hearing and by asking numerous questions of the witnesses.

The defendant made no confessions. He did have counsel at his arraignment and at his trial.

■ The harm done by defendant's waiver lay in the fact that the United States Commissioner (when called as a rebuttal witness at the trial) was able to give the jury a detailed description of the defendant's demeanor at the preliminary hearing, and a report of the intelligence of his examination of the witnesses. This may have told against defendant adversely with a jury deciding whether he was or was not criminally responsible for his acts. The defendant's waiver of counsel in retrospect may appear to be an error in judgment, but the record before us shows that defendant did make a voluntary, intelligent and understanding waiver of counsel. Carnley v. Cochran, 1962, 369 U.S. 506, 512–513, 82 S.Ct. 884, 8 L.Ed.2d 70; Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461.

There was testimony that defendant was a schizophrenic and mentally ill, but that he had periods of remission. Defendant argues that he should not be judged by his appearance of controlled behavior when observed by the government's psychiatrist witnesses during such a period of remission several months after the crime was committed. Defendant invites our attention to the timing of Dr. Metcalfe's examination in December, 1963, a short time after the offense was committed in October, 1963. Dr. Metcalfe, a qualified and certified psychiatrist, found defendant to be incompetent. The government's witnesses, Dr. Parato, assistant chief psychiatrist at the Federal Medical Center at Springfield, Missouri, and Dr. Faruki, Superintendent of the Dayton State Hospital, expressed the opinion that defendant could distinguish between right and wrong and was conscious at the time of the nature of the act

he was committing. Dr. Faruki emphasized the defendant's use of numerous aliases as indicative of his awareness of the implications of his acts. It is true that these two physicians examined the defendant after Dr. Metcalfe, but the evidence of the lay witness, the U. S. Commissioner, dealt with the defendant's appearance at the time of the preliminary hearing on November 23, 1963.

■ Determination of the credibility of the lay and medical witnesses was within the special province of the jury. United States v. Cindrich, 3 Cir., 1957, 241 F.2d 54, 56.

■ The defendant asks us to find error in the instruction given to the jury on the subject of insanity as a defense. The Court instructed the jury as follows:

The defendant has interposed insanity as a defense. The law presumes that a defendant is sane. This presumption is rebuttable. Where a defendant introduces some evidence that he had a mental disease or defect at the time of the commission of the crime charged, the prosecution must establish beyond a reasonable doubt that defendant did not have a mental disease, or that despite the mental disease he had the capacity either to know the criminality of his conduct, or to conform his conduct to the requirements of the law.

The issue of whether or not a mental disease or defect existed at the time of the commission of the crime must be determined by the jury on the basis of all evidence, lay and expert, and the presumption of sanity.

I further instruct that the defendant, Roy Chamber Cooks, should be acquitted if you find that at the time of committing the offense, if you so find, that Roy Chamber Cooks was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing; or, if he did know it, that he did not know he was doing what was wrong.

It does not appear that the defendant requested an instruction using the terms

"irresistible impulse." The defendant argues that the M'Naghten Rule (M'Naghten's Case, 10 Clark & Finnelly's House of Lords Cases 200) which is set forth in the instruction given, should be modified as in Durham v. United States, 1954, 94 U.S.App.D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430, which held the right-wrong test to be inadequate for application in all circumstances. This Court has not adopted the Durham Rule. United States v. Westerhausen, 7 Cir., 1960, 283 F.2d 844, 852; United States v. Cain, 7 Cir., 1962, 298 F.2d 934, 935–936.

■ There was sufficient evidence to support a finding by the jury that at the time of the offense, defendant was legally sane and criminally responsible beyond a reasonable doubt.

This Court is grateful for the astute and skilled efforts of Mr. Jack Arnold Welfeld of the Illinois bar, who represented the defendant in this appeal as Court-appointed counsel, and who submitted a well prepared brief and oral argument on the issues.

Affirmed.