**UNITED STATES of America,**
**Appellee,**

v.

**Robert G. SHELLER, Defendant-**
**Appellant.**

**No. 156, Docket 30442.**

United States Court of Appeals
Second Circuit.

Argued Oct. 31, 1966.

Decided Dec. 5, 1966.

Jacob D. Fuchsberg, New York City (Fuchsberg & Fuchsberg, Irving Young-

er, New York City, on the brief), for defendant-appellant.

Richard A. Givens, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for S. D. New York, David M. Dorsen, Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Robert G. Sheller was tried by Judge Edward C. McLean and a jury in the United States District Court for the Southern District of New York for wilfully attempting to evade his income taxes for the years 1958 and 1959 in violation of 26 U.S.C. § 7201. The jury found Sheller not guilty on the 1958 count, but guilty on the 1959 count. Sheller was sentenced to imprisonment for six months and is presently on bail pending appeal. Because of the effect of the decision of this court in United States v. Freeman, 357 F.2d 606 (2d Cir. 1966), which was rendered after Sheller's conviction, we reverse for a new trial.

At the trial, defendant's counsel conceded that Sheller's returns for 1958 and 1959 failed to disclose substantial amounts of income which should have been reported. The defense presented was that Sheller, a prominent attorney with a well-known and heretofore unblemished reputation for integrity, was not legally responsible for his wrongful acts because of his mental state when he committed them. On appeal, defendant claims that the trial court erred in not charging the jury that insanity was a defense, in failing to direct a judgment of acquittal, and in excluding from evidence certain records of a deceased psychiatrist. As to the first two arguments, the Government responds that the defense failed to introduce evidence sufficient to require an instruction on insanity, that Judge McLean presented the issue of insanity adequately in his charge on the element of intent, and that, in any event, the defense failed to raise adequately below its objection to the charge. On the evidentiary point, the Government claims that the trial court's ruling was proper.

■ The recent decision in United States v. Freeman, supra, is basic to consideration of the insanity defense issues; in that case, this court adopted as the standard of criminal responsibility section 4.01 of the Model Penal Code, drafted by the American Law Institute:

(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

(2) The terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

Prior to *Freeman,* trial judges in this circuit apparently followed the M'Naghten test.[1] The new rule is substantially broader than M'Naghten; it focuses on a defendant's ability not only to appreciate the wrongfulness of his conduct but also to conform it to the requirements of law, and it recognizes that both capacities involve matters of degree. The question immediately arises whether the new test should be applied to this case, which had been on appeal barely a month when *Freeman* was decided.[2]

■■ The Government makes a *pro forma* claim that the expanded standard of *Freeman* should not apply to Sheller, citing Johnson v. State of New Jersey, 384 U.S. 719, 731–733, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).[3] It is true that in that case, the Supreme Court held that the "new standards governing in-custody interrogation" would apply only to trials commenced after the decisions promulgating them. See 384 U.S. at 732–735, 86 S.Ct. 1772. However, the reasons given there are largely inapplicable to the narrow issue before us—whether *Free-*

*man* should apply to those cases still on direct appeal when it was decided. Most important, we do not believe that limited retroactivity will "seriously disrupt the administration of our criminal laws." See *Johnson,* supra, 384 U.S. at 731, 86 S.Ct. at 1780. It is worth noting that in two other recent situations in which full retroactivity was denied, the Court nevertheless has applied new criminal law doctrines to cases still on appeal. Thus, in Linkletter v. Walker, 381 U.S. 618, 622 and nn. 4, 5, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Court recognized such limited retroactivity for the rule announced in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), that evidence obtained through an unreasonable search and seizure was to be excluded from state criminal proceedings. In Tehan v. United States ex rel. Shott, 382 U.S. 406, 409 n. 3, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), the Court similarly treated the rule announced in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), which forbade prosecutors and judges to comment adversely on the failure of a defendant to testify in a state criminal trial. Certainly, where the changed rule deals with the substantive question whether "certain classes of wrongdoers are * * * properly the subjects of criminal punishment," see *Freeman,* supra, 357 F.2d at 625, at least a similar limited retroactivity is called for.

■ We turn next to the Government's assertion that Sheller's conviction should be affirmed in the face of the later ruling in *Freeman.* First, it claims that no jury question was raised. However, defendant produced testimony of his personal physician, two psychiatrists and a psychologist, and records of a deceased psychiatrist who had treated Sheller. Dr. O'Connor, one of the psy-

---

1. This was supplemented by the "irresistible impulse" rule, see *Freeman,* supra, 357 F.2d at 608 n. 3, which defendant does not claim is applicable here.

2. Sheller was convicted on December 22, 1965, and sentenced on January 19, 1966. A notice of appeal was filed on January

26; on February 28, the opinion in *Freeman* was filed.

3. Government's brief, p. 10 n. ** says only that since Sheller's trial preceded *Freeman,* the decision in that case "would not necessarily assist * * * [Sheller] retrospectively."

chiatrists, was asked whether in his opinion at the time of filing the returns Sheller "was suffering from such a condition of his mental faculties as to render * * * the governing power of his mind, impaired to such an extent that his actions in filing such returns and the nature of such returns was beyond his control?" He replied that "it would be markedly impaired" and Sheller's "actions would be the result of the impairment of these mental faculties." Another psychiatrist testified that, at the time Sheller filed his returns, he

> was suffering from a psychotic reactive depression, and in the depression there were various distortions of moods and of thought, and in many areas the individual is incapable of knowing precisely right from wrong or what he is doing.

This testimony was sufficient to raise an issue as to Sheller's criminal responsibility. We are not unmindful of the other contrary evidence in the record, including the testimony of both of these witnesses on cross-examination, defendant's efficient functioning as a busy trial lawyer, and his attempt to deceive the Internal Revenue Service years after filing the returns. It is for this reason that we reject without further comment appellant's contention that he was entitled to a judgment of acquittal because of insanity.

The Government next claims that the defense of insanity was adequately covered by the judge's charge on intent. There is no doubt that Judge McLean gave full consideration to the question whether a separate charge on the defense of insanity is necessary when the crime requires a highly specific intent with a bad purpose or evil motive to defraud the Government by evading a tax known to be due. However, for reasons already stated, we need not decide whether his careful charge on intent put before the jury the essence of whether defendant knew the wrongfulness of his conduct under the M'Naghten rule. Compare United States v. Cain, 298 F.2d 934 (7th Cir.), cert. denied, 370 U.S. 902, 82 S.Ct.

1250, 8 L.Ed.2d 400 (1962), with Goforth v. United States, 106 U.S.App.D.C. 111, 269 F.2d 778 (1959). We have no doubt that the instruction on specific intent failed to submit to the jury the significant issue under *Freeman* of whether defendant could conform his conduct to the requirements of law.

■ Finally, the Government argues that, in any event, appellant's present contention that the court improperly failed to charge on insanity was not raised below. It is unnecessary to recount the involved reasoning advanced to support this position. It is enough to say that Sheller's counsel made abundantly clear that the chief—if not only—defense was insanity, and sought the most liberal definition of that concept obtainable. To hold on this record that the request for a specific charge on the defense of insanity was waived would be unwarranted. See also O'Connor v. Ohio, 87 S.Ct. 252 (1966) *(per curiam)*.

■ Accordingly, the judgment of conviction must be reversed. However, if it is not already obvious from the facts set forth, we wish to make it plain that our decision is no reflection on the trial judge's handling of the trial, which the record reveals as excellent, or necessarily on his formulation of the charge. Our disposition is mandated by our own supervening decision in *Freeman*, which Judge McLean had no reason to anticipate. At the retrial, the question may arise again whether to admit into evidence certain notes made by Dr. Watson, a psychiatrist now deceased who treated defendant as well as other members of his immediate family. Appellant claims exclusion was error because the papers were kept in the ordinary course of the doctor's practice and were allegedly relevant to Sheller's mental condition. The Government argues that the notes were at best only remotely relevant, were in part illegible, in part redundant, and would have been confusing. Therefore, the Government contends that the trial court had discretion to keep them out and did not abuse it. This is a matter that could properly have been decided

either way by the trial judge, and we express no view other than to emphasize his broad discretion on retrial.

Reversed and remanded for a new trial on the second count.