Martin J. KRATLIAN, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 66–C–1155.

United States District Court
E. D. New York.

Jan. 17, 1968.

———◆———

Peter A. Passalacqua, Brooklyn, for petitioner.

Joseph P. Hoey, U. S. Atty. for Eastern District of New York, by Michael Gillen, Asst. U. S. Atty., for respondent.

BRUCHHAUSEN, District Judge.

By notice of motion, dated November 29, 1966, the petitioner applied to this Court for an order to vacate and set aside the judgment of conviction herein, pursuant to 28 U.S.C. § 2255. The application was denied by this Court, without a hearing. The United States Court of Appeals for this Circuit, by order, bearing date the 27th day of September 1967, remanded the petition for a hearing and for the appointment of counsel for the petitioner thereon. By order, dated November 27, 1967, Peter A. Passalacqua, Esq., was appointed to represent the petitioner, as his attorney.

A hearing on the petition was held in this court on December 14, 1967. The petitioner and his attorney were present.

The gist of the petition is that the petitioner pleaded guilty to Count 1 of the indictment herein, due to the intimidating statements of the Federal officers; that he has a dim and confused remembrance of those proceedings and that he is a mentally ill person, due to his long addiction to narcotics. At the hearing, the petitioner withdrew the said charge of intimidation.

On January 21, 1962, the petitioner was arrested on the charges made in the indictment herein. Count 1, to which he later pleaded guilty, states that on or about January 3, 1962 the petitioner and a co-defendant possessed a Treasury check, which was the content of a letter stolen from an authorized depository for mail matter, knowing the same to have been stolen, in violation of 18 U.S.C. Sections 1708 and 2.

The petitioner was out on bail until September 1962, when he was taken into State custody in Pennsylvania on a criminal charge, to which he pleaded guilty. He was in State custody continuously from that date to May 8, 1964, the date of his sentence in this court, and thereafter. He was represented by counsel at the time of his plea of guilty on March 5, 1964, and continuously thereafter to the date of the said sentence.

The transcript of the proceedings on the day of sentence reads, in part, as follows:

"THE COURT: Mr. Martin J. Kratlian, you are here for sentence this morning.

Have you any statement to make in connection with sentence or in mitigation of punishment?

"THE DEFENDANT: Your Honor, I would like to first thank you for the two postponements that you allowed me.

"THE COURT: You what? .

"THE DEFENDANT: I say I would like to thank the Court for the two postponements that were allowed in view of my mother's sickness.

I would also like to bring to the attention of the Court that at present I am serving a sentence at the Eastern Service Detention, Philadelphia. Since I have been there I have been receiving psychiatric treatment. I responded very wonderfully there. I did so well that I became the psychiatric nurse, and in a short period of time I became the psychiatric clerk for the doctors there.

Now, I have an entirely different outlook in life at present. The crux of my troubles have always stemmed from narcotics and at this present date I am absolutely certain in my mind that I have this drug addiction licked.

I would like the Court to take all of this into consideration in view of the time I am doing in Eastern State right now. I am serving a sentence of two and a half to five, and I have done 20 months already."

Upon release from State custody, he commenced service of his Federal sentence. He is now in Federal custody.

### THE TESTIMONY OF SECRET SERVICE AGENT SERTRAN

Agent Sertran testified that he arrested the petitioner on January 21, 1962; that the petitioner stated to him that he was addicted to narcotics; that the petitioner admitted that he stole the check to finance his drug addiction and that his plea of guilty was not coerced.

### THE TESTIMONY OF THE PETITIONER

The petitioner testified that he has been a narcotics addict since 1945; that he stole the checks and forged them; that he knew that stealing them was illegal; that he could be arrested therefor and that he has been in various mental hospitals but has never been adjudged insane.

The defendant relies upon the cases of United States v. Freeman, 357 F.2d 606, 2 Cir., Feb. 28, 1966 and United States v. Malafronte, 357 F.2d 629, 2 Cir.

Freeman was found guilty, after trial, of selling narcotics. The Circuit Court of Appeals reversed the judgment of conviction and remanded the case for a new trial with a direction that the trial court employ the criteria provided by Section 4.01 of the Model Penal Code of the American Law Institute, viz:

"A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks adequate capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. * * *"

"The terms, mental disease or defect do not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct."

The Court further stated that mere recidivism or narcotics addiction will not of themselves justify acquittal under those standards.

United States v. Malafronte, supra, was a companion appeal to United States v. Freeman, supra. The same standards were therein applied as in Freeman.

It was held in United States v. Sheller, 2 Cir., 369 F.2d 293, 295 that the Freeman rule is not retroactive.

As hereinabove stated, the petitioner at the time of commission of the offenses knew that his thefts of the checks were illegal and that he could be arrested therefor. He was continuously in State custody for approximately one and a half years prior to March 5, 1964, the date of his plea of guilty. His statement in court on that day evidences that he was fully aware of the nature of the charges against him.

The Court, upon due deliberation, concludes that petitioner's application is entirely without merit and should be dismissed. It is so ordered.

The petitioner was transported from the Federal Penitentiary at Lewisburg, Pennsylvania, to the Federal House of Detention in New York City, where he is now confined, pending the determination of this application. At the hearing thereof he requested that, in the event of the dismissal of his application, he be sent to the Federal Correctional Institution at Danbury, Connecticut, which he claims has better psychiatric facilities.

This Court lacks the power of selection of the place of confinement. However, the Clerk of this Court is directed to inform the Warden of the Federal House of Detention in Manhattan of the request, for his consideration.

Copies of this opinion are being forwarded to the United States Attorney and the petitioner's attorney.