**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Ross JENKINS, a/k/a Ernie James
Sewer, Defendant-Appellant.**

**No. 16547.**

United States Court of Appeals
Seventh Circuit.

April 30, 1968.

———◆———

Ronald R. Polan, Milwaukee, Wis., for defendant-appellant.

James B. Brennan, U. S. Atty., Thomas E. Weil, Roch Carter, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, and SCHNACKENBERG and FAIRCHILD, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is an appeal of a conviction alleging violation of the National Motor Vehicle Theft Act, 18 U.S.C. § 2312. The evidence showed that on July 9, 1966, defendant negotiated with one Gene Kimerer, a Buick-Pontiac automobile dealer in Beloit, Kansas. They agreed upon an automobile to be purchased by defendant and the price thereof. Because the automobile had to be readied for delivery, defendant borrowed a 1966 Buick from Kimerer in order to make an alleged urgent business trip to Oberlin, Kansas. Defendant agreed to return this Buick after concluding his business in Oberlin, but he never returned. He and the 1966 Buick disappeared.

The defendant drove the "borrowed" automobile around Milwaukee, Wisconsin, for several days and came in contact with a number of people who subsequently testified at his trial.

On July 15, 1966, agents of the FBI arrested the defendant. Trial by jury was commenced on July 17, 1967. After the government rested its case, defendant raised the defense of insanity. He read excerpts from several psychiatric reports and called a psychiatrist to testify as a witness. In rebuttal, the United States produced nine lay witnesses who had personal contact with the defendant between July 9 and July 15, 1966, and a psychiatrist. The lay witnesses testified that the defendant appeared quite normal to each of them.

In instructing the jury, the trial court instructed respecting defendant's defense of insanity by applying the well-known M'Naghten test without adding thereto any volitional test.[1] On this appeal, the

1. The trial court instructed the jury that insanity means such a perverted and deranged condition of mental and moral faculties as to render a person either incapable of distinguishing between right and wrong or incapable of knowing and understanding the nature and quality of the act he is committing.

government concedes that the insanity instruction as given was error.

In United States v. Shapiro, 383 F.2d 680 (7 Cir., 1967) this Court, sitting en banc, decided that the American Law Institute (ALI) definition as to insanity was the correct rule, but substituted "wrongfulness" for "criminality" so that paragraph 1 of the definition reads: "A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect, he lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirements of law." We also stated in *Shapiro* at page 687: "We emphasize that as to all cases other than Shapiro's, the new rule, requiring instructions to reflect the ALI definition applies prospectively only, i. e., to trials commenced after the date of this decision.[2]

The instructions in the case at bar were given prior to our decision in *Shapiro*. Hence, in reversing, we do not rely on the *Shapiro* decision. However, in Shapiro, we pointed out, 383 F.2d 683–684: "The Supreme Court did not say in *Davis* [Davis v. United States, 165 U.S. 373, 17 S.Ct. 360, 41 L.Ed. 750] that a pure M'Naghten definition, concerned only with cognitive capacity, i. e., whether defendant had capacity to know the nature and quality of his acts and distinguish between right and wrong, would have been prejudicial. It is usually assumed, however, that the court would so hold, and that the federal courts are committed to some type of definition in which lack of volitional capacity is an alternative element * * *."

"This court has not specifically approved a particular definition, but it is clearly committed to some type of definition involving consideration of volitional capacity even where there is cognitive capacity."

■ On the basis of our previous decisions in United States v. Williams, 372 F.2d 76 (7 Cir., 1967); United States v. Cooks, 359 F.2d 772–773 (7 Cir., 1966) and United States v. Cain, 298 F.2d 934, 936 (7 Cir., 1962), we hold that the M'Naghten instruction given in the case at bar was reversible error.

■ The remaining question raised is that error was committed when the trial court denied defendant's application for a judgment of acquittal at the conclusion of the evidence. We hold the Court's ruling in this respect was correct.

We wish to express our thanks to Ronald R. Polan, Esq., of the Milwaukee Bar, court-appointed counsel on this appeal, for his meritorious services.

Judgment reversed and remanded for a new trial.

Reversed.

---

2. The date of the Shapiro decision was August 24, 1967. Defendant Jenkins' trial commenced July 17, 1967.