**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Robert LEE, Defendant-Appellant.**

**No. 73-1731**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Aug. 16 1973.

Richard M. Gale, Bernie Freed, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Robert C. Byrne, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**PER CURIAM:**

Lee was convicted of unlawfully removing merchandise from a cargo area within the United States Customs' custody and control in violation of 18 U.S.C. A. § 549. On appeal, he (1) attacks the sufficiency of the evidence; (2) claims that he was denied a fair trial because the district court prejudiciously commented on the evidence and disparaged the credibility of certain defense witnesses; (3) asserts that the trial court erred in denying, without an evidentiary hearing, Lee's motion to correct the record concerning whether prejudicial comments were made by the court within the hearing of the jury; (4) maintains that the district court improperly refused to allow defense counsel to make a proffer of evidence; and (5) contends that the court's instructions to the jury impliedly assumed the existence of a material fact in issue. We reverse.

Allegedly, Lee removed one carton of perfume, valued at $803, from the Miami International Airport on January 20, 1970. The perfume supposedly arrived on Braniff Airways flight 918 from Tocumen, Panama, and was to be forwarded to a consignee in the Bahamas. Lee was employed by Braniff as a cargo handler; he unloaded the baggage carts and set out the goods for transfer to consignees. According to the Government, another Braniff employee, Payne, in the presence of Lee, transferred the perfume to a third employee, Blakely, at the airport's Cuban Refugee Center, and Blakely took the perfume home; subsequently, Blakely and Lee attempted to sell some of the perfume, but ultimately the perfume was divided between Blakely, Payne and Lee.

Although Blakely and Payne testified that they had divided some stolen perfume with Lee, there was a sharp conflict in the evidence regarding the details of the transaction. Blakely testified that Payne unloaded two boxes of perfume from a blue Braniff van and that Lee merely sat in the panel truck and did nothing, whereas Payne stated that he gave only one box of perfume to

Blakely and that the vehicle used to transport the perfume to Blakely was a two-and-one-half ton truck. Significantly, neither Blakely nor Payne remembered the day or even the month that this episode took place.

Because of the uncertainty as to when the transfer described by Blakely and Payne occurred, an essential issue to the determination of Lee's innocence or guilt of the crime charged was whether the perfume described in the indictment was in fact laden aboard flight 918 in Panama and arrived at the Miami Airport on January 20, 1970; for it is axiomatic that a defendant cannot be convicted of a crime different from the crime alleged in the indictment. Although the inward foreign manifest which was presented to Customs at the time of the plane's arrival in Miami (accompanied by the affidavit of the Captain of the aircraft indicating that the manifest was a true copy of the merchandise arriving in Miami) listed one carton of perfume, the Customs agent who inspected the cargo filed a form declaring a shortage of the perfume merchandise and stating that to the best of his knowledge the merchandise was not landed at the port of Miami. Moreover, the agent stated that "[t]here is nothing to indicate [the perfume] ever arrived and nothing to indicate it did not arrive."

Over Lee's objection, however, the district court refused to instruct the jury that it was to determine whether the perfume in fact arrived in Miami on flight 918. Instead of instructing on this material issue of fact, the court's jury instructions impliedly assumed its existence. A district court does not have the power to direct a verdict of guilty, and instructions deciding a material fact issue as a matter of law are erroneous because they amount to a partial directed verdict of guilty. United States v. Skinner, 5 Cir. 1971, 437 F.2d 164; Mims v. United States, 5 Cir. 1967, 375 F.2d 135; Roe v. United States, 5 Cir. 1961, 287 F.2d 435; Edwards v. United States, 5 Cir. 1960, 286 F.2d

681; *see* United States v. Hyde, 5 Cir. 1971, 448 F.2d 815.

Because the district court improperly instructed the jury, Lee must be granted a new trial.[1]

Reversed and remanded.

---

1. Our disposition of the appeal makes it unnecessary for us to consider the other errors urged by Lee.