**Martin DUBIN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 15, 1978.

Decided Jan. 4, 1979.

I. Barry Guerke, of Schmittinger & Rodriguez, Dover, for defendant below, appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendant, Martin Dubin, appeals his conviction of "carrying a concealed deadly weapon upon or about his person", in violation of 11 *Del.C.* § 1442,[1] arguing that the Trial Judge's rulings erroneously amounted to a directed verdict of guilty, depriving him of his right to trial by jury.

## I.

The indictment charged Dubin with carrying "concealed a .38 caliber pistol, a deadly weapon, upon or about his person." After the State responded in discovery proceedings that the weapon in question "was found concealed in a dashboard glove compartment of the vehicle the defendant was operating," the defendant moved to dismiss the indictment on the grounds that a pistol in the glove compartment of a motor vehicle he was driving was not "upon or about" his person, as a matter of law.

The Motion Judge denied the motion to dismiss the indictment, ruling that "[a] weapon in the glove compartment of the car driven by the defendant is 'on or about' his person." The Trial Judge, considering himself bound by the ruling, interpreted it to "mean that a gun in a glove compartment of any car is on or about the person of the driver, as a matter of law." Therefore, the Trial Judge granted the State's motion restraining the defendant "from any attempt to defend any issue of whether the gun is 'on or about the person' ", and found defendant guilty as charged.

---

1. 11 *Del.C.* § 1442 provides:

"A person is guilty of carrying a concealed deadly weapon when he carries concealed a deadly weapon upon or about his person without a license to do so * * *.

"Carrying a concealed deadly weapon is a class E felony."

## II.

█ It is axiomatic in a criminal case that the State must prove beyond a reasonable doubt every element of the offense charged. Since an element of the instant offense is concealment by the defendant of a deadly weapon "on or about his person," the State must prove that element beyond a reasonable doubt. The question of whether or not a weapon is "upon or about" a person is a factual question. The Trial Court erred in holding that a pistol in the glove compartment of a car is "upon or about" the defendant's person as a matter of law. The result was the elimination of the defendant's primary defense, with the ultimate effect of directing a guilty verdict against him and unlawfully depriving him of his constitutional right to have a jury decide all relevant issues of fact. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977); *United States v. Lee*, 5th Cir., 483 F.2d 959 (1973); and *United States v. Hayward*, 136 U.S.App.D.C. 300, 420 F.2d 142 (1969).

Accordingly, the judgment below must be reversed and the cause remanded for trial.

## III.

On remand the defendant is entitled to put the State to its proof on the issue of whether the pistol found in the glove compartment of the motor vehicle was "upon or about his person", within the meaning of § 1442. The language is ambiguous. In an effort to provide guidelines for the trial of the issue, we state the following views:

█ The phrase "upon or about his person" appears in the statutes prohibiting the carrying of concealed weapons in many jurisdictions.[2] In construing a similar statute, the Louisiana Supreme Court concluded that the terms "on or about" were inter-changeable. *State v. Brunson*, 162 La. ——, 111 So. 321, 50 A.L.R. 1531 (1927). We find such interpretation unacceptable because it would make the word "about" mere surplusage; and "under familiar principles of statutory construction effect must be given, if possible, to every part of the statute so that no part will be inoperative." *DiSabatino v. Ellis*, Del.Supr., 184 A.2d 469, 473 (1962).

Although "upon . . . the person" implies physical contact, the term "about the person" does not require bodily contact. In *Modesto v. State*, Del.Super., 258 A.2d 287, 289 (1969), it was held that bodily contact with the weapon was not necessary for a conviction under § 1442. If bodily contact with the weapon is not required, the question then becomes this: how distant can a weapon be from a defendant, and still be considered "about his person"?

█ The purpose of the General Assembly, in enacting this Statute originally in 1881 (when, as now, carrying a deadly weapon unconcealed seemed no criminal offense) was to remove the "temptation and tendency" to use concealed deadly weapons under conditions of "excitement." See *State v. Costen*, Del.Ct.Gen.Sess., 39 A. 456 (1897); *State v. Chippey*, Del.Ct.Gen.Sess., 33 A. 438 (1892). The legislative purpose, originally and presently, seems to be the avoidance of a deadly attack against another by surprise.

█ In the light of such legislative intent, we hold that the key to whether a concealed deadly weapon may be deemed to be "about" the person should be determined by considering the immediate availability and accessibility of the weapon to the person.[3]

---

**2.** See e. g., *State v. Goodwin*, 184 Neb. 537, 169 N.W.2d 270 (1969); cert. denied, 397 U.S. 1046, 90 S.Ct. 1374, 25 L.Ed.2d 658 (1970); *Collier v. Commonwealth*, Ky.App., 453 S.W.2d 600 (1970); *People v. Smith*, 45 Ill.App.3d 66, 3 Ill.Dec. 818, 359 N.E.2d 228 (1977), aff'd, 71 Ill.2d 95, 15 Ill.Dec. 864, 374 N.E.2d 472 (1978); and *State v. Bordeaux*, Mo.Supr., 337 S.W.2d 47 (1960).

**3.** Cf. *Mack v. State*, Del.Supr., 312 A.2d 319, 322 (1973), where in construing the word "possession" in Delaware's statute prohibiting possession of a firearm during the commission of a felony, we held that " 'possession' . . . requires the elements of availability and accessibility."

Thus on remand, the factual question of whether the pistol in the glove compartment of the automobile being driven by the defendant was "about his person" must be determined by a finding of whether the gun was available and accessible to the defendant for his immediate use.

Although not determinative of the issue, the following factors are to be considered in deciding the issue of accessibility;

(1) Would the defendant have to appreciably change his position in order to reach the weapon?

(2) Could the defendant reach the weapon while driving?

(3) How long would it take for the defendant to reach the weapon, if the defendant were provoked?

If, after considering the totality of the facts of the case in the light of these and other pertinent factors, it is concluded by the fact-finder that the weapon was not immediately available and accessible to the defendant, the defendant may not be convicted under § 1442. On the other hand, if it were concluded that the weapon was immediately accessible to the defendant, then the State will have made its *prima facie*[4] case for violation of § 1442.

We conclude that by focusing primarily on the issue of accessibility, a just verdict can be reached under the Concealed Weapons Statute that is consistent with the intent of the legislators who originally enacted it in 1881, and the needs of our present society.

\* \* \* \* \* \*

Reversed and remanded for proceedings not inconsistent with this opinion.

---

4. Of course, the State must also show that the concealed weapon was deadly, and that the defendant had knowledge of its presence and control over it. *Ross v. State*, Del.Supr., 232 A.2d 97 (1967).