Brianna GALLMAN, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 521, 2010.

Supreme Court of Delaware.

Submitted: Jan. 7, 2011.
Decided: March 3, 2011.

Christopher D. Tease, Esquire, Wilmington, Delaware, for appellant.

Elizabeth R. McFarlan, Esquire, of Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

RIDGELY, Justice:

Defendant–Below/Appellant, Brianna Gallman, appeals from her Superior Court jury convictions for carrying a concealed deadly weapon ("CCDW") and possession of a destructive weapon ("PDW"). Gallman contends that the trial judge erred in instructing the jury on those crimes. We conclude that the trial judge did not err in instructing the jury on CCDW. But, because the trial judge failed to instruct the jury on the defendant's intention, which is a required element of the constructive possession jury instruction when a defendant is charged with PDW, we must reverse that conviction and remand for a new trial on that charge. Accordingly, we affirm in part, reverse in part, and remand for a new trial on the PDW count.

### Facts and Procedural History

The facts of this case are essentially undisputed. Late one evening, police conducted a routine stop of a vehicle. Gallman's boyfriend was the driver, and his brother was the front passenger. Gallman was the right rear passenger. Gallman told the officers that her father owned the vehicle, but that she typically drove it. When Gallman's boyfriend opened the glove compartment to retrieve the regis-tration and insurance, one of the officers observed a handgun in the glove compartment. Police then searched the vehicle and found an unloaded, sawed-off shotgun on the right rear floorboard under a sweatshirt where Gallman was seated.

Gallman was charged by indictment with possession of a firearm with a removed, altered, or obliterated serial number, PDW, and two counts of CCDW. When proposed jury instructions were being discussed, defense counsel requested an instruction for the PDW count and CCDW counts as follows: "I was hoping to get the language of, she had power and intention to exercise control over the weapon." The following exchange then occurred:

> The Court: The more I think about it, the more troubled I am about the language you want put [ ] in. She had the power and intent to exercise control.
>
> One last time on this, because I think it's key to the case. If the defendant knew that there was a sawed-off shotgun at her feet in the car, even if it did not belong to her, she wasn't its owner. And even if she did not intend to use it, if she knew it was at her feet so that she could pick it up in an instant and use it if she changed her mind, or she could pick it up and hand it to one of her confederates that's a form of control as well, so that the confederate could use it, she's guilty. Is that an incorrect statement of the law [ ]?
>
> Defense Counsel: That's a position I have to take, Your Honor. And I think there has to be some, some mental state—
>
> * * *
>
> The Court: ... All right. So I think defendant had constructive possession

over the destructive weapon. If she had both the knowledge of the weapons, presence, and the power at a given time to exercise control over the destructive weapon, you have got your record . . . with respect to intent.

The trial judge then instructed the jury. For the CCDW counts, the trial judge gave the following instruction:

Actual possession on defendant's person is not required, but the weapon must have been under her immediate control at the time. Whether the weapon was about her person and under her immediate control should be determined by considering whether the weapon was immediately available and accessible to her. In determining accessibility, it should be considered whether defendant would have had to change position appreciably in order to reach the weapon and how long it would have taken defendant to reach the weapon, if provoked.

The trial judge also gave an instruction on constructive possession for the PDW count:

"Constructive possession" means that the weapon was within the defendant's reasonable control; that is, on or about her person, premises, belongings or vehicle. In other words, defendant had constructive possession over the weapon if she had both the knowledge of the weapon's presence and the power at the time to exercise control over the weapon.

The jury then found Gallman guilty of one count of CCDW and one count of PDW and not guilty of possession of a firearm with a removed, altered, or obliterated serial number and not guilty of one of the CCDW counts. The trial judge sentenced her to seven years in prison, suspended for three months of home confinement followed by sixteen months of probation. This appeal followed.

### Analysis

■ We have explained that a party is not entitled to a particular jury instruction, but a party does enjoy the " 'unqualified right' to a correct statement of the law." [1] "Therefore, we review a jury instruction actually given by the trial court to determine whether it correctly stated the law, and was not so confusing or inaccurate as to undermine either the jury's ability to reach a verdict or our confidence in their ability to do so fairly under the circumstances." [2]

### The trial judge did not err in instructing the jury on the CCDW counts

■ Title 11, section 1442 of the Delaware Code provides that "[a] person is guilty of [CCDW] when the person carries concealed a deadly weapon *upon or about the person* without a license to do so. . . ." [3] We have explained that "the key to whether a concealed deadly weapon may be deemed to be 'about' the person should be determined by considering the immediate availability and accessibility of the weapon to the person." [4] We also have explained that the following factors—known as the *Dubin* factors—should be considered in evaluating the question of accessibility of the deadly weapon: (1) whether the defendant had to change her position appreciably to reach the weapon, (2) whether the

**1.** *Comer v. State,* 977 A.2d 334, 342 (Del.2009) (citing *Banther v. State,* 884 A.2d 487, 492–93 (Del.2005)).

**2.** *Id.* at 342–43 (citing *Brown v. State,* 967 A.2d 1250, 1255 (Del.2009)).

**3.** 11 *Del. C.* § 1442(a).

**4.** *Dubin v. State,* 397 A.2d 132, 134 (Del. 1979).

defendant could reach the weapon while driving, and (3) the amount of time it would take for the defendant to reach the weapon, if the defendant were provoked.[5] Here, the trial judge instructed the jury on the CCDW counts in accordance with our precedents, explicitly listing the *Dubin* factors. Consequently, the trial judge's CCDW instruction was an accurate statement of the law. Accordingly, the trial judge did not err in instructing the jury on the CCDW counts.

### A defendant's intention is a required element of the constructive possession jury instruction when a defendant is charged with PDW

 Title 11, section 1444 of the Delaware Code relevantly provides that "[a] person is guilty of [PDW] when the person ... has possession of a ... sawed-off shotgun...." PDW is broader than CCDW because, unlike CCDW, PDW *may* occur in the context of being in the same proximity of where a weapon is found, even though the weapon is not on or about the person or belongings of the defendant.[6] An example would be a residence with multiple occupants, as occurred in *Eley v. State*.[7] Consequently, we have defined constructive possession in that context differently. Possession under section 1444 may be actual or constructive.[8] In *Lecates v. State*, we articulated the State's burden in proving constructive possession for the crime of possession of a deadly weapon by a person prohibited ("PDWPP") as follows:

> [T]he State need[s] to present sufficient evidence that [a defendant]: (1) knew the location of the gun; (2) had the ability to exercise dominion and control over the gun; and (3) intended to guide the destiny of the gun. Although "mere proximity to, or awareness of [the deadly weapon] is not sufficient to establish constructive possession," it is well established that circumstantial evidence may prove constructive possession.[9]

Thereafter, in *State v. Clayton*,[10] we clarified our holding in *Lecates* as follows:

> temporal possession. The PWDCF statute prohibits weapon possession during the felony. In contrast, Section 1448(a) makes it a crime for a prohibited person to possess a weapon or ammunition at any time. Therefore, under Section 1448(a), the State need only prove that a defendant possessed or controlled a weapon at some point, not necessarily at the time of his arrest. That conclusion is supported by cases in other jurisdictions, holding that proof of physical accessibility at the time of arrest is not required in order to sustain a conviction for possession of weapons or ammunition by a person prohibited.

---

**5.** *Id.* at 135. *See also Buchanan v. State*, 981 A.2d 1098, 1103–04 (Del.2009) (reaffirming the applicability of the *Dubin* factors).

**6.** The General Assembly enacted CCDW to address a narrower concern than PDW: "the avoidance of a deadly attack against another by surprise." *See Dubin*, 397 A.2d at 134 ("The purpose of the General Assembly, in enacting th[e] [CCDW] [s]tatute originally in 1881 ... was to remove the 'temptation and tendency' to use concealed deadly weapons under conditions of 'excitement.'" (quoting *State v. Costen*, 39 A. 456 (Del.Ct.Gen.Sess. 1897))). The act of "carrying" a deadly weapon in a "concealed" manner requires a different test than possession. We previously have distinguished the tests applicable to possession-alone crimes from possession-plus crimes. For example, in *Miller v. State*, 884 A.2d 512, 2005 WL 1653713, at *3 (Del.2005) (TABLE) (citations omitted), we explained:

> Unlike the statute defining the crime of [possession of a deadly weapon during the commission of a felony ("PWDCF")], Section 1448(a) contains no requirement of

**7.** 11 A.3d 226, 2010 WL 5395787 (Del.2010) (TABLE).

**8.** *See Lecates v. State*, 987 A.2d 413, 421 (Del. 2009).

**9.** *Id.* at 426 (citations omitted).

**10.** 988 A.2d 935 (Del.2010).

The phrase "intended to guide the destiny of the gun" is not a required element of the constructive possession jury instruction when a defendant is charged with [PDWPP]. That phrase is properly regarded as one way to explain how the State can establish the defendant's intention, at a given time, to exercise dominion and control over a deadly weapon.[11]

In *Eley*, the trial judge gave the jury an instruction on the law of constructive possession in the PDWPP context as follows:

> Constructive possession means that the deadly weapon was within the defendant's reasonable control. That is, it was about his person, premises, belongings, or vehicle. In other words, the defendant had constructive possession over the deadly weapon if he had both the power and the intention, at a given time, to exercise control over the deadly weapon, either directly or through another person.[12]

With the principles of *Lecates* and *Clayton* in mind, we concluded that the trial judge's instruction was an accurate statement of the law.[13] A similar instruction was not given in this case.

Gallman argues that the trial judge's instruction on constructive possession undermined her defense to PDW, which was to show that even if the jury believed that she knew the weapon was present, she had no intention to exercise control over it. We agree. The rationale and holdings of *Lecates, Clayton,* and *Eley*—which addressed the constructive possession element of PDWPP—apply to the crime of PDW. Thus, Gallman had constructive possession over the destructive weapon if she had both the power and the intention, at a given time, to exercise control over it either directly or through another person.

In the trial judge's instruction on the constructive possession element of the PDW count, the trial judge focused on Gallman's knowledge of the weapon's presence and her power at that time to exercise control over it. Despite defense counsel's specific request, the trial judge did not inform the jury that to convict Gallman of PDW it was required to find that she intended to exercise dominion and control over the destructive weapon. A defendant's *intention* is a required element of the constructive possession jury instruction when a defendant is charged with PDW. In that respect, Gallman's "unqualified right" to a correct statement of the law was violated.[14] Because the trial judge's instruction on the constructive possession component of the PDW count omitted the state of mind required for guilt, it did not correctly state the law so that the jury could perform its duty.[15] We must reverse the PDW conviction and remand for a new trial on that charge.

### Conclusion

Accordingly, Gallman's conviction for CCDW is **AFFIRMED,** and Gallman's conviction for PDW is **REVERSED** and

---

11. *Id.* at 936. In *Clayton*, we accepted the following certified question: "[Is] the phrase "intention to guide the gun's destiny" [ ] a required element of the constructive possession jury instruction or [may] the phrase [ ] be construed to explain how the defendant's intention, at a given time, to exercise dominion and control over a firearm might be shown?" *Id.*

12. *Eley*, 2010 WL 5395787, at *1.

13. *Id.* at *3.

14. *See Comer*, 977 A.2d at 342 (citing *Banther*, 884 A.2d at 492–93).

15. *See id.* at 342–43 (citing *Brown*, 967 A.2d at 1255).

**REMANDED** for a new trial on the PDW count.