IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT MOODY, | § | |
| | § | No. 419, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1307020184 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 24, 2016
Decided: February 26, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 26th day of February, 2016, it appears to the Court that:

(1)     On March 22, 2014 a Superior Court jury convicted Robert Moody of crimes related to his illegal possession of a loaded firearm. He filed an untimely *pro se* motion to set aside the verdict, claiming the State provided insufficient evidence to prove constructive possession. In the interest of justice, the Superior Court considered it as a motion for a new trial, but denied the motion. Moody has appealed his convictions. After a careful review of the record, we find that a rational jury could have determined that Moody constructively possessed the loaded gun found on the roof. Therefore we affirm the Superior Court's judgment.

(2)     Around midnight on July 25, 2013, while Wilmington Police Officer Matthew Geiser patrolled a high crime neighborhood, he observed Robert Moody riding his bicycle with a noticeable bulge around his right rear waistline.  Based on his training and experience, he believed Moody was armed with a firearm.  The officer ordered Moody to stop and sounded his airhorn.  Moody looked directly at the officer and performed a "security check" of his right rear waistline with his hand.  Moody sped up and turned down an alleyway behind the vacant Walt's Flavor Crisp store.

(3)     Officer Geiser intercepted Moody at the other end of the alley.  He ordered Moody to get off his bicycle and noticed Moody no longer had a bulge in his waistline.  Officer Geiser and other officers searched the area and arrested Moody after finding a .357 Magnum loaded with three rounds of ammunition on the roof of one of the buildings that bordered the alley.

(4)     On March 22, 2014, after a two day trial, a jury convicted Moody of possession of a firearm by a person prohibited,[1] carrying a concealed deadly weapon,[2] and possession of ammunition by a person prohibited.[3]  On May 16, 2014, Moody filed a *pro se* motion to set aside the verdict.  The motion to set aside the verdict was untimely, but in the interest of justice, the Superior Court

---

[1] 11 *Del. C.* § 1448.
[2] 11 *Del. C.* § 1442.
[3] 11 *Del. C.* § 1448.

2

considered the motion as a motion for a new trial. The Superior Court denied the motion. The Superior Court sentenced Moody to a total of 21 years at level V imprisonment, suspended after 5 years for decreasing levels of supervision. This appeal followed.

(5)    Moody argues that the State failed to present sufficient evidence to establish that he had dominion and control over the firearm found on the roof. We review the Superior Court's denial of a motion for a new trial for abuse of discretion.[4]  "The denial of a motion for a new trial will constitute an abuse of discretion if the jury verdict was against the great weight of the evidence, no reasonable jury could have reached the result, and the denial was untenable and unreasonable."[5]

(6)    Possession of a firearm may be established by actual or constructive possession.  To establish constructive possession, the State must prove the defendant: (1) knew the location of the gun; (2) had the ability to exercise dominion and control over the gun; and (3) intended to exercise dominion and control over the gun.[6]  Although a defendant's proximity to the firearm alone is insufficient to establish constructive possession, it is established that the State can

[4] *Jones v. State*, 940 A.2d 1, 19 (Del. 2007).
[5] *Pesta v. Warren*, 888 A.2d 232 (Del. 2005) (Table).
[6] *Lum v. State*, 101 A.3d 970, 971 (Del. 2014).

prove constructive possession with circumstantial evidence.[7] "Suspicious action on the part of a defendant can also bolster a constructive possession theory."[8]

(7) Moody's argument relies heavily on factual discrepancies and alternative scenarios for how the gun arrived on the roof and possible explanations for the bulge in his pants. Such questions of fact are resolved by the jury.[9] Moody also cites *Crawley v. State*[10] for the proposition that his proximity to the gun was insufficient to establish possession. In *Crawley*, police arrested the driver of a U-Haul truck and his two passengers after finding stolen items in the truck. Both passengers had met the driver that day. This Court overturned the passengers' convictions because there was no evidence presented that they had dominion and control over the vehicle or any of the stolen property found inside the truck.

(8) This case is distinguishable from *Crawley* in that it does not involve multiple defendants or hinge solely on Moody's proximity to the gun. Rather, Officer Geiser saw Moody with a bulge at his waistline. When Officer Geiser ordered Moody to stop, he fled. When police arrested Moody, the bulge in his pants disappeared. No one else was in the alley or near where police found the

---

[7] *Gallman v. State*, 14 A.3d 502, 505 (Del. 2011).
[8] *McNulty v. State*, 655 A.2d 1214, 1218 (Del. 1995).
[9] *Baylis v. Wilmington Med. Ctr., Inc.*, 567 A.2d 418 (Del. 1989) ("The resolution of questions relating to the credibility of witnesses or conflicts in testimony rests solely within the province of a jury."); *Debernard v. Reed*, 277 A.2d 684, 685 (Del. 1971) ("A jury is free to accept or reject in whole or in part testimony offered before it, and to fix its verdict upon the testimony it accepts.").
[10] 235 A.2d 282 (Del. 1967), *abrogated by Lecates v. State*, 987 A.2d 413 (Del. 2009).

4

gun. Viewing this evidence in the light most favorable to the State, including all reasonable inferences,[11] the jury could have found beyond a reasonable doubt that Moody possessed the firearm and ammunition. It therefore was not an abuse of discretion for the Superior Court to deny Moody's motion for a new trial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[11] *See Lively v. State*, 427 A.2d 882, 884 (Del. 1981) ("We conclude that the evidence, viewed in its entirety and including all reasonable inferences, was amply sufficient to warrant a finding by the jury that the charge was established beyond a reasonable doubt.").