IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MALIK WASHINGTON, | § | |
| | § | No. 302, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2308003678(K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 7, 2025
Decided: July 2, 2025

Before **VALIHURA**, **TRAYNOR**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) A jury convicted Appellant Malik Washington of carrying a concealed deadly weapon ("CCDW") and possession of a firearm by a person prohibited ("PFBPP"). On appeal, Washington contends that the State presented insufficient evidence to convict him of CCDW. We disagree and affirm.

(2) On August 7, 2023, the Dover Police Department received a 911 call concerning a man, with no shirt on, wielding a firearm in the vicinity of State and

Reed Streets in Dover, Delaware.[1] The dispatcher sent Detective Dale Starke of the Dover Police to the identified area.[2] Once there, Detective Starke found an individual matching the description given by the caller.[3] The individual would later be identified as the Appellant—Malik Washington.[4]

(3) According to Detective Starke, he saw Washington running south down State Street in front of the Presbyterian Church of Dover, just past the church's courtyard.[5] Bordering the church and courtyard is a low-in-height brick wall.[6] Washington sat on the brick wall after he stopped running.[7] Given the information from the 911 caller and what he had just witnessed, Detective Starke took Washington into custody.[8] After the arrest, Detective Starke searched Washington but did not find the reported firearm.[9]

---

[1] App. to Opening Br. at A24–25; State's Trial Exhibits 1 & 2. The recording of the 911 telephone call and certification was entered into evidence without objection under the business records exception to the hearsay rule and authentication rule. *See* D.R.E. 803(6) and 902(11).

[2] App. to Opening Br. at A26–27.

[3] *Id*. at A27.

[4] *Id*.

[5] *Id*. at A27, A31.

[6] *Id*. at A29.

[7] *Id*. at A27.

[8] *Id*.

[9] *Id*.

(4) The police immediately began a search of the area. Behind the church, Dover Police found a firearm stowed in a black bag.[10] The bag was hidden from view by several bushes.[11] With the firearm recovered, the police transported Washington to the police station. There, Detective Brandyn Clancy of the Dover Police interviewed Washington.[12] During the interview, Washington confessed to carrying the bag that contained the firearm.[13] Washington was charged with PFBPP and CCDW. Washington's case proceeded to trial where a jury convicted him of both charges.

(5) On appeal, Washington claims that the evidence presented at trial was insufficient to sustain his conviction for CCDW. Washington argues that no reasonable juror could have found that he carried a concealed firearm at the time of, or at any time prior to, his arrest. In furtherance of this argument, Washington asks this Court to disregard the statements he made to Detective Clancy (and vacate his conviction) under the common law rule of *corpus delicti*. This rule requires the State

---

[10] *Id*. at A28.

[11] *Id*. at A28, A30–32.

[12] *Id*. at A38–39.

[13] State Exhibit # 6 at 1:55–2:05 ("The gun was in the bag that I had . . . the [gun] that they found."); *id.* at 2:15–2:24 (Q: "Did you ever display the handgun to anyone today?" A: "Yeah . . . my girlfriend.").

to present some evidence independent of a confession to show a crime was committed.[14]

(6)     Because Washington did not move for judgment of acquittal based on insufficiency of the evidence,[15] his claim is reviewed for plain error.[16] For an error to be plain it "must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[17]

(7)     We find no plain error here. A person is guilty of CCDW if "the person carries concealed a deadly weapon upon or about the person without a license to do so."[18] A weapon is "about" the person if it is "immediate[ly] availab[le] and accessib[le] . . . to the person."[19]

(8)     The State presented sufficient evidence to the jury to sustain the conviction for CCDW. Washington argues that there was insufficient evidence to establish that he carried a concealed firearm *at the time of his arrest*—but that

---

[14] *See Wright v. State*, 953 A.2d 188, 192 (Del. 2008) (citations omitted).

[15] We review *corpus delicti* challenges under the same standard of review as a challenge to the sufficiency of the evidence. *Id*. at 193.

[16] *Monroe v. State*, 652 A.2d 560, 563 (Del. 1995).

[17] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (citing *Dutton v. State,* 452 A.2d 127, 146 (Del. 1982)).

[18] 11 *Del. C.* § 1442(a).

[19] *Gallman v. State*, 14 A.3d 502, 504 (Del. 2011) (citing *Dubin v. State*, 397 A.2d 132, 134 (Del. 1979)). Factors that are considered include: "(1) whether the defendant had to change her position appreciably to reach the weapon, (2) whether the defendant could reach the weapon while driving, and (3) the amount of time it would take for the defendant to reach the weapon, if the defendant were provoked." *Id*.

argument is not wholly dispositive. The evidence presented to the jury showed that Washington carried a concealed firearm *in the period immediately preceding his arrest*. By focusing on that evidence, a reasonable juror could have found sufficient evidence to find Washington guilty of CCDW.

(9)   Washington next contends, in support of his insufficiency of the evidence claim, that his statements to Detective Clancy—that he was holding the bag containing the firearm—should be excluded under the common law rule of *corpus delicti*. According to Washington's theory, these statements are the only evidence that show the firearm was concealed, and without the statements, there would be insufficient evidence to convict him of CCDW. We find no merit to Washington's claim.

(10)   To sustain a conviction based on a defendant's confession, the *corpus delicti* rule requires "some evidence of the existence of a crime, independent of the defendant's confession."[20]   The rule protects "those defendants who may be pressured to confess to crimes that they either did not commit or crimes that did not

---

[20] *Wright*, 953 A.2d at 192 (citations omitted); *see also Johnson v. State*, 338 A.2d 124, 125 (Del. 1975) (rejecting requirement for "*substantial*" independent evidence and instead finding that "*some* proof" suffices) (emphasis not in original).

occur."[21] The rule does not require independent evidence proving every element of the crime charged.[22]

(11) Here, the State presented sufficient evidence, independent of Washington's statement, that a firearm was available and accessible to him just prior to his arrest. Although the details received from the 911 caller did not establish that Washington carried a bag, the caller did note that Washington possessed a firearm. This call, coupled with the evidence that a bag containing a firearm was found in the vicinity of where Detective Starke witnessed Washington fleeing, independently corroborates Washington's statements to Detective Clancy. Altogether, the evidence presented at trial was sufficient for the jury to find that Washington possessed and concealed a firearm.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[21] *Bailey v. State*, 925 A.2d 503, 2007 WL 1041748, at *3 (Del. 2007) (TABLE) (citation omitted). The *corpus delicti* rule does not apply to proving the underlying felony of a compound crime such as felony murder. *See Wright,* 953 A.2d at 191 (citing 11 *Del. C.* § 301).

[22] *Bailey*, 925 A.2d 503, 2007 WL 1041748, at *3.

6