STATE of Delaware, Plaintiff
Below, Appellant,

v.

Randolph CLAYTON, Defendant
Below, Appellee.

No. 519,2009.

Supreme Court of Delaware.

Submitted: Feb. 17, 2010.
Decided: Feb. 23, 2010.

Paul R. Wallace, Esquire (argued) and Susan Dwyer Riley, Esquire, Department of Justice, Wilmington, Delaware, for appellant.

Nicole M. Walker, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court *en Banc.*

HOLLAND, Justice.

The defendant-appellee, Randolph Clayton ("Clayton"), has been charged by indictment with Possession of a Firearm by a Person Prohibited[1] and is currently pending trial. The State's theory of the case is that Clayton, who was prohibited from possessing a deadly weapon, was in constructive possession of one or more handguns.

Pursuant to article IV, section 11(8) of the Delaware Constitution and Supreme Court Rule 41, the Superior Court has certified, and this Court has accepted the following question of law:

> Whether the phrase "intention to guide the gun's destiny" is a required element of the constructive possession jury instruction or whether the phrase may be construed to explain how the defendant's intention, at a given time, to exercise dominion and control over a firearm might be shown?

---

1. Del.Code Ann. tit. 11, § 1448(a)(1) (2007).

Clayton's trial in the Superior Court has been continued during the pendency of this certification proceeding.

In *Lecates v. State*,[2] this Court conducted a comprehensive analysis of the proof required for the State to establish constructive possession within the context of Possession of a Firearm During the Commission of a Felony,[3] and also within the context of Possession of a Deadly Weapon By a Person Prohibited.[4] We concluded that constructive possession is defined differently for each of those offenses.[5] In *Lecates*, we held that to establish Possession of a Firearm by a Person Prohibited, the State must present sufficient evidence that proves the defendant: "(1) knew the location of the gun; (2) had the ability to exercise dominion and control over the gun; and (3) intended to guide the destiny of the gun."[6]

We reaffirm our holding in *Lecates* in answering the certified question as follows:

The phrase "intended to guide the destiny of the gun" is not a required element of the constructive possession jury instruction when a defendant is charged with Possession of a Firearm by a Person Prohibited. That phrase is properly regarded as one way to explain how the State can establish the defendant's intention, at a given time, to exercise dominion and control over a deadly weapon.

A defendant is entitled to have the jury instructed with a correct statement of the substantive law.[7] However, a defendant has no right to have the jury instructed in a particular form.[8]

This matter is remanded to the Superior Court for further proceedings in accordance with our answer to the certified question.

**2.** *Lecates v. State*, 987 A.2d 413 (Del. Supr.2009).

**3.** Del.Code Ann. tit. 11, § 1447 (2007).

**4.** Del.Code Ann. tit. 11, § 1448 (2007); *Lecates v. State*, 987 A.2d at 417–422.

**5.** *Lecates v. State*, at 420.

**6.** *Id.* at 426.

**7.** *Claudio v. State*, 585 A.2d 1278, 1282 (Del. 1991) (citing *Miller v. State*, 224 A.2d 592, 596 (Del.1966)).

**8.** *Id.*