# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ID No. 1708002212 |
| | ) | |
| | ) | |
| | ) | |
| BRYAN ROBERTS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 26, 2019
Decided: February 28, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

James K. McCloskey, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Bryan Roberts, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se.*

SALOMONE, Commissioner

This 28th day of February 2020, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On August 4, 2017, while on patrol, New Castle City Police officers noticed a red Jeep with a taillight that was not illuminating and pulled the car over.

2. Bryan Roberts ("Petitioner" or "Defendant") was a passenger sitting in the backseat behind the driver of the Jeep. Upon belief that Petitioner was acting suspicious and observing marijuana residue on Petitioner's shirt, the officer ordered the Petitioner out of the vehicle. Upon being ordered to exit the vehicle, the Petitioner whispered to another passenger in the car "I have a gun." The officer conducted a pat down search of the Petitioner and found a marijuana grinder in his pocket. Thereafter, the officer found a firearm sticking out of the rear passenger door pocket where Petitioner had been sitting.

3. The officers arrested Petitioner for, among other offenses, Possession of a Firearm by a Person Prohibited and Carrying a Concealed Deadly Weapon. At the time of Petitioner's arrest, Petitioner was on probation for convictions for Robbery First Degree and Attempted Robbery First Degree.

4. The officer submitted the firearm for forensic testing. A New Castle County Police Department evidence specialist processed the firearm for fingerprints and swabbed the firearm for potential DNA evidence. The specialist did not locate any

1

comparable latent fingerprints. The Division of Forensic Science analyzed the DNA swabs and determined several of the swabs did not contain sufficient DNA evidence for comparison. The remaining swabs were analyzed and those samples were determined to be inconclusive.

5. On September 18, 2017, a grand jury indicted Petitioner for Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, Carrying a Concealed Deadly Weapon, and Possession of Drug Paraphernalia. On March 6, 2018, Petitioner's case proceeded to trial. On March 9, 2018, the jury returned guilty verdicts on all charges. That same day, Petitioner filed a Motion for a New Trial based on conversations that the bailiff had with the jury during its deliberations. On April 16, 2018, the Court granted Petitioner's Motion for a New Trial.

6. Rather than proceed to a second trial, on May 7, 2018, Petitioner pled guilty to one count of Possession of a Firearm by a Person Prohibited. The plea was a consolidated resolution of the new charges and Petitioner's then-pending violation of probation from his earlier robbery and attempted robbery convictions. During his guilty plea, Petitioner stated that he pled guilty because he did, in fact, commit the offense of Possession of a Firearm by a Person Prohibited.[1] Petitioner also acknowledged his satisfaction with his lawyer's representation and stated that his

---

[1] Plea Hearing Tr. at p. 8.

2

lawyer had done all that he could reasonably do on Petitioner's behalf.[2] Moreover, Petitioner stated that no one threatened or forced him to enter into the guilty plea.[3]

7.      On August 10, 2018, the Court sentenced Petitioner to a total of six years and six days at Level 5 to be followed by decreasing levels of probation.[4] At the sentencing hearing, Petitioner again acknowledged that he was in possession of a firearm at the time of his arrest.[5] Petitioner did not file a direct appeal of his conviction or sentence.

## **RULE 61 MOTION**

8.      On February 4, 2019, Petitioner filed a *pro se* Motion for Postconviction Relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61"), raising claims of ineffective assistance of counsel for the following:[6]

(1) Failure on the part of defense counsel to attempt to suppress evidence;

(2) Failure on the part of defense counsel to act upon the alleged withholding of witness statements by the prosecution;

---

[2] *Id.* at p. 11.

[3] *Id.*

[4] State's Resp. to Def.'s Mot. for Postconviction Relief, Ex. 3 (August 10, 2018 Sentencing Transcript.).

[5] *Id.* at pp. 6-7.

[6] Petitioner's Motion for Appointment of Counsel was denied by the Court on February 19, 2019.

(3) Failure on the part of defense counsel to object to the State's three Motions for a Continuance resulting in a violation of Defendant's right to a speedy trial;

(4) Failure on the part of defense counsel to properly prepare for trial;

(5) Failure on the part of defense counsel to investigate other occupants of the vehicle;

(6) Misrepresentation of the strength of the State's case by defense counsel thereby "coercing" the Defendant into taking a plea; and

(7) Double Jeopardy – the State or Judge caused the Defendant to file a Motion for a New Trial.

9. On February 11, 2019, the Court ordered that the record be expanded and directed Petitioner's prior defense counsel, Timothy J. Weiler, Esquire, to respond to Petitioner's ineffective assistance of counsel claims.

10. On March 14, 2019, the Petitioner filed his own Expansion of Record in Response to Rule 61 Motion for Post-Conviction Relief.

11. On April 12, 2019, defense counsel filed an Affidavit in Response to Petitioner's claims of ineffective assistance of counsel.

12. On June 25, 2019, the State filed a Response to Petitioner's Motion for Postconviction Relief.

4

13. After briefing was completed, this motion was referred to the undersigned Commissioner to assist in the resolution of the motion.

## LEGAL ANALYSIS OF CLAIMS

14. Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Rule 61 Motion.[7] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[8] However, ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[9]

15. This is Petitioner's first motion for post-conviction relief and it was timely filed.[10] No procedural bars prevent the Court from reviewing this Motion on the merits.

---

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).

[9] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[10] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(2) (If the defendant files a direct appeal, the judgment of conviction becomes final when the mandate is issued).

16. In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong standard set forth in *Strickland v. Washington.*[11] This test requires the petitioner to show: (a) counsel's deficient performance, *i.e.*, that his attorney's performance fell below "an objective standard of reasonableness,"[12] and (b) prejudice.[13]

17. Under the first prong, judicial scrutiny is highly deferential. Courts must ignore the distorting effects of hindsight and proceed with a strong presumption that counsel's conduct was reasonable.[14] The *Strickland* Court explained that a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.[15]

18. Under the second prong, in order to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome."[16] In other

---

[11] *Strickland v. Washington,* 466 U.S. 668 (1984).

[12] *Id.* at 688.

[13] *Id.* at 694.

[14] *Id.* at 689.

[15] *Id.* at 690.

[16] *Id.* at 694.

words, not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.[17] The court must consider the totality of the evidence and must ask if the movant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.[18] "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[19]

19.    In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[20] The burden of proving ineffective assistance of counsel is on the defendant.[21] Mere allegations of ineffectiveness will not suffice; instead, a

---

[17] *Id.* at 693.

[18] *Dale v. State,* 2017 WL 443705, * 2 (Del. 2017); *Strickland v. Washington,* 466 U.S. 668, 695-696 (1984).

[19] *Cooke v. State,* 977 A.2d 803, 840 (Del. 2009)(quoting *Strickland,* 466 U.S. at 686).

[20] *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984); *Hickman v. State,* 1994 WL 590495 (Del.) (applying *Strickland* to guilty pleas).

[21] *Oliver v. State,* 2001 WL 1751246 (Del.).

defendant must make and substantiate concrete allegations of actual prejudice.[22]

## The Ineffective Assistance of Counsel Claims Are Without Merit

20. The Court finds each of Petitioner's ineffective assistance of counsel claims to be without merit.

21. Most of Defendant's contentions are based on alleged failures to present an effective defense at his initial trial. These include the alleged failures on the part of defense counsel to (i) attempt to suppress evidence; (ii) act upon the alleged withholding of witness statements by the prosecution; (iii) object to the State's three Motions for a Continuance resulting in a violation of Defendant's right to a speedy trial; (iv) properly prepare for trial; (v) investigate other occupants of the vehicle.

22. Petitioner cannot establish prejudice pursuant to any of the foregoing assertions of ineffective assistance of counsel related to his initial trial because Petitioner's request for a new trial was granted. Therefore, even if the Court were to find that errors occurred (which it does not),[23] those errors were cured when the

---

[22] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[23] Petitioner's contention that counsel did not file a motion to suppress is without merit as he fails to state with particularity what the basis for the motion would have been. Moreover, counsel explained that, based on his review of the evidence and the applicable case law, it was his professional opinion that there was no legal basis to file a motion to suppress. Affidavit of Timothy J. Weiler pg 1. There is nothing in the record to support Petitioner's claim that the gun, DNA or the witness statement should have been suppressed. Counsel further states that all witness statements were provided in accordance with Court Rules. *Id.* at pg. 4. As for the claim of lack of a speedy trial, Petitioner has not established prejudice based on any of the continuance requests by the State or his co-defendants. The police arrested Petitioner on August 4, 2017. The original trial date was scheduled for January 23, 2018. Trial ultimately occurred on March 6, 2018 - six weeks after the originally scheduled date. The continuance requests from each party had a

8

Court granted Petitioner's motion for a new trial. Rather than pursue a second trial after his Motion for New Trial was granted, Petitioner instead pled guilty to Possession of a Firearm By a Person Prohibited in return for having the remaining charges *nolle prossed* and the State's recommendation of a maximum of seven years for the new charges and his violation of probation.

23.    With respect to Petitioner's claim of a coerced guilty plea, he asserts that (i) defense counsel misrepresented the amount of time Petitioner was facing if Petitioner were to lose at trial, (ii) counsel misrepresented the strength of the State's case (i.e. that the Defendant's proximity alone to the firearm is enough to establish guilt), (iii) counsel permitted continuances which delayed trial and such delay coerced Petitioner into pleading guilty, (iv) counsel misrepresented that the right to a speedy trial only applies to a person fighting extradition from state to state, (v) counsel misrepresented to Petitioner that the State does not need the state witness to be present at a new trial in order to use her statement against him, and (vi) counsel misrepresented that Petitioner could not raise a double jeopardy claim.[24]

---

legitimate basis and were approved by the Court. These brief continuances did not cause Petitioner undue delay or prejudice.

[24] Petitioner's Expansion of Record, Ground Seven: Coerced Into Guilty Plea, Paragraphs A-F.

24. As previously noted, claims (iii) and (iv) referenced above relate to Defendant's initial trial and thus require no additional discussion in a matter involving an alleged coerced guilty plea.

25. With respect to claim (i), that counsel misrepresented the amount of time Petitioner would face if he were to lose at trial, this allegation is not supported by the record. However, even assuming that counsel had informed Petitioner improperly, such alleged improper instruction was cured by the Court's explanation of the potential penalties that Petitioner faced during his plea colloquy.[25] Counsel has denied that he coerced Petitioner or promised Petitioner what his sentence would be.[26] Therefore, with respect to claim (i), the Court finds that counsel's performance was not deficient and Petitioner suffered no prejudice as a result.

26. With respect to claim (ii), that counsel misrepresented the strength of the State's case, the Court finds no misrepresentation here. Under *Lecates v. State*,[27] the Delaware Supreme Court held that "to establish Possession of a Firearm by a Person Prohibited, the State must present sufficient evidence that proves the defendant: '(1) knew the location of the gun; (2) had the ability to exercise dominion and control

---

[25] Plea Hearing Tr. at pp. 6-10.

[26] *Id.* at p. 10.

[27] *Lecates v. State*, 987 A.2d 413 (Del.Supr.2009).

10

over the gun; and (3) intended to guide the destiny of the gun.'"[28] Moreover, "the phrase 'intended to guide the destiny of the gun' is not a required element of the constructive possession jury instruction when a defendant is charged with Possession of a Firearm by a Person Prohibited." Accordingly, a jury could reasonably find the Petitioner guilty of Possession of a Firearm by a Person Prohibited based on his proximity to the gun if the jury found that the Petitioner knew the location of the gun and had the ability to exercise dominion and control over the gun. Therefore, counsel's representation of such a possibility in his November 28, 2017 letter to Petitioner is not a misrepresentation. Therefore, with respect to claim (ii), the Court finds counsel's performance was not deficient and Petitioner suffered no prejudice.

27. With respect to claim (v), that counsel misrepresented to Petitioner that the State does not need the state's witness to appear at a new trial in order to use her statement against him, the Court finds no misrepresentation. Assuming that the State can provide a valid justification for why the witness is unavailable for the new trial under Delaware Rule of Evidence 804(a) (i.e. the Former Testimony exception), then Delaware Rule of Evidence 804(b)(1) would permit introduction of the witness' prior testimony at the previous trial. Accordingly, the Court finds that counsel's performance was not deficient with respect to claim (v) and Petitioner suffered no prejudice as a result.

---

[28] *State v. Clayton*, 988 A.2d 935, 936 (citing *Lecates v. State*).

11

28.     With respect to claim (vi), that counsel misrepresented that Petitioner could not raise a double jeopardy claim, the Court finds no merit to this claim. The Defendant was not "goaded" into moving for a mistrial,[29] nor was there any evidence of "bad faith conduct by [the] judge or prosecutor" that "threatens the harassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict the defendant."[30] Here, the Motion for New Trial was granted because of *Petitioner's own request* due to a bailiff's mistakes that occurred during jury deliberations. Nothing in the record suggests that the bailiff had made mistakes so as to afford the prosecution a more favorable opportunity to convict the defendant. The Petitioner was convicted in his initial trial. Counsel did not misrepresent that a double jeopardy claim is unavailable in this matter. Accordingly, the Court finds that counsel's performance was not deficient with respect to claim (vi) and Petitioner suffered no prejudice as a result.

29.     With respect to all of his claims for ineffective assistance of counsel, Defendant has failed to establish either prong of the *Strickland* test.

30.     The Court finds that the Petitioner was not coerced into entering a guilty plea. Petitioner represented to the Court at the time of the plea that counsel had (i) fully

---

[29] *Butler v. State*, 95 A.3d 21 (Del. 2014).

[30] *Bailey v. State*, 521 A.2d 1069, 1078 (Del. 1987) (citing to *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081).

reviewed the plea documents with him and answered any questions he had, (ii) discussed the evidence in the case and possible defenses, and (iii) done all counsel reasonably could for him.[31] In addition, Petitioner represented to the Court that (a) he was satisfied with his representation and (b) no one was threatening him or forcing him to enter into the guilty plea.[32]

31. Moreover, Petitioner's acceptance of the plea represents a rational decision by him to avoid a second trial where the downside could have resulted in a significantly greater prison sentence if convicted. Petitioner was obtaining a benefit by entering into the plea in that the remaining charges were *nolle prossed* and the prosecution recommended a maximum of seven years for the new charges and his violation of probation. Indeed, in light of the facts and circumstances of this case, it was unlikely Petitioner would have prevailed at the second trial and that the plea was his best option. Accordingly, the Court finds that Defendant has failed to meet the *Strickland* test with respect to his claims of a coerced plea.

---

[31] Plea Hearing Tr. at p. 11.

[32] *Id.* at p. 12 (It should be noted that while the Petitioner originally claimed he felt "pressured" into entering into a guilty plea, the presiding Judge explained the difference between the pressure the Defendant might feel from finding himself in a very difficult situation from the pressure felt by virtue of someone forcing or threatening the Petitioner to plead guilty. After this clarification, the Petitioner responded "No" to the Judge's question "Is there anyone who has imposed any force, any threats, to make you plead guilty here today?").

13

32. In conclusion, Petitioner's plea represented a rational choice given the pending charges, the evidence against him, and the possible sentences he was facing. Petitioner entered into his plea knowingly, intelligently and voluntarily.[33] The Court finds that counsel was not deficient in any respect nor was Petitioner prejudiced in any way by counsel's representation of him. Petitioner's ineffective assistance of counsel claims are without merit.

For all of the foregoing reasons, Petitioner's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Janine M. Salomone

cc:  Prothonotary
James K. McCloskey, Esquire
Timothy J. Weiler, Esquire
Mr. Bryan Roberts, *pro se*

---

[33] May 7, 2018 Plea Transcript, at pg. 12.