IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEITH LANDRY,                        §
                                     §    No. 313, 2024
    Defendant Below,             §
    Appellant,                   §    Court Below:  Superior Court
                                     §    of the State of Delaware
v.                                   §
                                     §    Cr. ID No. 2303007402 (K)
STATE OF DELAWARE,                   §
                                     §
    Appellee.                    §

Submitted:   April 9, 2025
Decided:     May 20, 2025

Before **SEITZ**, Chief Justice; **VALIHURA**, and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Keith Landry appeals his convictions for several drug and firearm charges. Landry contends that the State did not present sufficient evidence at trial to allow a reasonable juror to find beyond a reasonable doubt that Landry possessed the contraband at issue. He argues that his convictions therefore must be vacated.

(2)    At trial, the State presented direct and circumstantial evidence of Landry's guilt. Viewing the record in the light most favorable to the State, a rational

1

trier of fact could find that Landry constructively possessed the drugs and firearms at issue. We therefore affirm his convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

(3)     On March 13, 2023, at approximately 12:30 p.m., Dover police officers responded to the Capital Inn Hotel for the purpose of arresting Landry. Before the arrest, Dover police had been conducting surveillance of the hotel. They observed Landry walk around the hotel, enter and exit Room 216—the room in which he was eventually arrested—and enter another hotel room. During their surveillance, police also saw Chanade Dohman and another unidentified individual enter and exit Room 216.

(4)     As officers approached Room 216, Landry peeked around the curtains before closing them. The officers announced their presence and told Landry to open the hotel room door. When the officers received no response, they entered the room and saw Landry standing near a vanity in the back of the room adjacent to the bathroom. Dohman was present in the room when Landry was arrested.

(5)     Police secured Landry and conducted a protective sweep of the room. Officers observed crack cocaine, heroin, a cutting agent, and drug paraphernalia on the bathroom vanity. They also discovered a blue tupperware container with a white residue in a backpack near the hotel room window; almost 80 grams of marijuana in a backpack; an empty soup can on the bathroom vanity containing 28 bags of

2

suspected heroin and 10 amphetamine pills; and a loaded .38 special revolver inside a gray backpack under the vanity. These items were within Landry's reach when police entered the room.

(6)    Following his arrest, Landry was searched. On his person, police found a Capital Inn Hotel room key. A second room key was recovered from the bathroom vanity. At trial, the Capital Inn property manager testified that an invoice from the hotel's record-keeping system showed that Room 216 was rented by Julius Mitchell from March 9–14, 2023.

(7)    Dover police sent many of the items collected from Room 216 to the Division of Forensic Science for testing. The suspected drugs recovered by police tested positive for various controlled substances, including cocaine, heroin, fentanyl, and amphetamine. The firearm and bullets were swabbed for DNA and compared to a DNA sample taken from Landry. At trial, a forensic DNA analyst from the Division of Forensic Science testified that Landry's DNA was on the trigger of the recovered firearm.[1]

(8)    On August 7, 2017, a Kent County grand jury indicted Landry, charging him with Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of

---

[1] The same analyst testified that the swab from the firearm's grip produced a mixed DNA profile consistent with two individuals, but neither Dohman nor Landry could be conclusively included or excluded as potential contributors to that mixture.

Ammunition by a Person Prohibited ("PABPP"), Drug Dealing (three counts), Drug Possession, and Possession of Drug Paraphernalia. The Superior Court later granted Landry's motion to sever the PFBPP and PABPP charges.

(9) A four-day trial commenced on March 18, 2024. During the first stage of the trial, the jury convicted Landry of PFDCF, three counts of Drug Dealing, and Possession of Drug Paraphernalia.[2] The jury then heard evidence relating to the two person-prohibited charges and convicted Landry on both counts. Before sentencing, the court granted the State's motion to declare Landry a habitual offender under 11 *Del. C.* § 4214. The court then sentenced Landry to an aggregate of 43 years of unsuspended prison time followed by decreasing levels of probation and a fine.

(10) Landry now appeals and asks this court to vacate his convictions. Landry contends that the evidence presented at trial was insufficient for any reasonable juror to find beyond a reasonable doubt that he possessed the contraband in the hotel room.

## II. ANALYSIS

(11) "In the absence of a motion for directed verdict or for judgment of acquittal notwithstanding the verdict, this Court reviews claims of insufficient

---

[2] At the conclusion of the State's case, the State entered a *nolle prosequi* on the drug-possession charge.

4

evidence for plain error."[3]  Landry did not seek a directed verdict or a judgment of acquittal in the Superior Court.

(12)  On appeal, Landry argues that his "convictions must be vacated since insufficient evidence was adduced at trial for a rational trier of fact to conclude beyond a reasonable doubt that he possessed the evidence in the hotel room rented by a different subject."[4]  Specifically, Landry contends that the State's case was based on circumstantial evidence that he constructively possessed the weapon, ammunition, and contraband found in Room 216.[5]  Landry concedes that circumstantial evidence may be sufficient to support a finding of possession beyond a reasonable doubt, but he argues that in "*our case* [the evidence] created, at best, a strong suspicion of constructive possession" which is "not enough for a conviction."[6]

(13)  To convict Landry of PFBPP, PABPP, and the drug offenses with which he was charged, the State was required to prove beyond a reasonable doubt that he knowingly possessed the contraband.[7]  Under Delaware law, possession for

---

[3] *Swan v. State*, 820 A.2d 342, 358 (Del. 2003), holding modified by *Baker v. State*, 906 A.2d 139 (Del. 2006) (citing *Monroe*, 652 A.2d at 563); *see Williamson v. State*, 113 A.3d 155, 157 (Del. 2015) ("[I]t is well-settled that in a jury trial, if a defendant fails to make a motion for acquittal to the trial court, the defendant has failed to preserve the right to appeal the issue of the sufficiency of the evidence to convict, and we . . . apply the plain error standard of review.").

[4] Opening Br. at 6.

[5] *Id.* at 7.

[6] *Id.*

[7] 11 *Del. C.* § 1448 ("Any prohibited person as set forth in subsection (a) of this section who knowingly possesses, purchases, owns or controls a deadly weapon or ammunition for a firearm while so prohibited shall be guilty of possession of a deadly weapon or ammunition for a firearm

purposes of the person-prohibited charges is the same as possession for drug offenses.[8] Actual possession is not required, and the State instead may establish that a defendant constructively possessed contraband.[9] The State proceeded on a constructive-possession theory in Landry's trial.

(14) To establish constructive possession "the State needed to present sufficient evidence that [the defendant]: (1) knew the location of the [contraband]; (2) had the ability to exercise dominion and control over the [contraband]; and (3) intended to guide the destiny of the [contraband]."[10] Further, although "mere proximity to, or awareness of [contraband] is not sufficient to establish constructive possession,"[11] "it is well established that circumstantial evidence may prove constructive possession."[12]

---

by a person prohibited."); 16 *Del. C.* § 4754 ("Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance."); *see also* 16 *Del. C.* § 4701(18).

[8] *Lecates v. State*, 987 A.2d 413, 426 (Del. 2009), holding modified by *State v. Clayton*, 988 A.2d 935 (Del. 2010) ("[W]e review PDWPP possession under the same standard as drug possession, the three part constructive possession test most recently outlined in *White v. State* controls our review.").

[9] *See id.*

[10] *Id.* (citing *White v. State*, 906 A.2d 82, 86 (Del. 2006)).

[11] *White*, 906 A.2d at 86 (citing *Holden v. State*, 305 A.2d 320, 320 (Del. 1973)).

[12] *Lecates*, 987 A.2d at 426 (citing *White*, 906 A.2d at 86). All the elements of constructive possession may be established by circumstantial evidence. *See Skinner v. State*, 575 A.2d 1108, 1121 (Del. 1990).

(15) To find Landry guilty of PFDCF, the jury was required to find beyond a reasonable doubt that he actually or constructively possessed the firearm and that the gun was "physically available or accessible" to him during the commission of the underlying felony.[13] "The elements of availability and accessibility, however, do not require the weapon to be in the offender's immediate physical possession or within easy reaching distance of the offender."[14] "This Court has observed that the purpose of the PFDCF provision is to prevent a 'non-violent' felony from becoming violent, and the term 'during the commission of a felony' as used in the PFDCF statute 'encompasses a somewhat extended time frame.'"[15]

(16) Landry argues that the State failed to prove constructive possession because there was not sufficient evidence to link him to the hotel room or the items contained within it.[16] He contends that he did not "exclusively" occupy Room 216,[17] pointing out that the room was registered to Julius Mitchell and that Dohman had access to the room and was physically present in it when Landry was arrested. Further, Landry argues that "[g]iven the state of the premises when police entered

---

[13] 11 *Del. C.* § 1447A(a) ("A person who is in possession of a firearm or projectile weapon during the commission of a felony is guilty of possession of a firearm or projectile weapon during the commission of a felony.").

[14] *Pauls v. State*, 476 A.2d 157, 160 (Del. 1984).

[15] *Willingham v. State*, 297 A.3d 287 (Del. 2023) (citing *Lecates v. State*, 987 A.2d 413, 420 (Del. 2009)).

[16] Opening Br. at 8.

[17] *Id.*

and the drugs and paraphernalia used to ingest them that were recovered, it was very likely that the room was used as a location where various guests could come and get high as they please."[18]  Landry also posits that the hotel key card was not tested to confirm that it was for Room 216.[19]  Finally, Landry argues that the State failed to present evidence specifically linking Landry to the drugs by failing to test any of the drugs or drug paraphernalia for DNA.[20]

(17)   Landry's contention that others may have had access to Room 216 and the contraband therein does not render the State's evidence insufficient because the State did not need to prove sole possession in order to establish constructive possession.[21]  The State demonstrated to the jury that the drugs and paraphernalia were within arms' reach of Landry when he was arrested.  Likewise, the firearm was in a backpack located under the vanity where he was standing, and Landry's DNA was on the trigger.  In *Sawyer v. State*, this Court recently reiterated that DNA evidence coupled with evidence placing a defendant near a firearm, when viewed in

---

[18] *Id.* at 9.

[19] This fact is irrelevant because the police observed Landry enter and exit Room 216 and ultimately arrested him in the room.

[20] Opening Br. at 9.

[21] *Stevenson v. State*, 181 A.3d 631, 2018 WL 1136524, at *2 (Del. 2018) (TABLE) ("Possession of an object 'may be the joint possession of two or more persons acting in concert.'"); *see Lecates*, 987 A.2d at 426 (finding that constructive possession may exist "either directly or through another person").

the light most favorable to the State, supports a finding of constructive possession.[22] We therefore conclude that the State's evidence was sufficient to allow a reasonable juror to find beyond a reasonable doubt that Landry constructively possessed the contraband for purposes of the charges against him, and it was not plain error for the trial court not to dismiss the charges *sua sponte*.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[22] *Sawyer v. State*, 2025 WL 707871, at *4 (Del. Mar. 5, 2025) (citing *Walker v. State*, 154 A.3d 92, 2017 WL 443720 (Del. Jan. 3, 2017) (TABLE); *Reyes-Hernandez v. State*, 201 A.3d 554, 2019 WL 102502 (Del. Jan. 3, 2019) (TABLE)).